UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY SHERMAN BURRELL, | Case No. 6:24-cv-01889-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ZACHARY ELLIOTT CARTER; SHIPT, INC.; and BEST BUY STORES, LIMITED PARTNERSHIP, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Plaintiff Jeffrey Burrell filed this action against Defendant Zachary Elliot Carter, Defendant Shipt, Inc. ("Shipt"), and Best Buy Stores, LP ("Best Buy").[1] Plaintiff alleges Defendant Shipt's vicarious liability for negligence, battery, intentional infliction of emotional distress, invasion of privacy, and trespass and further alleges Defendant Shipt's direct liability for negligence. First Am. Compl., ECF No. 26 ("Am. Compl."). Before the Court is Defendant Shipt's Motion to Dismiss First Amended Complaint ("FAC"). ECF No. 29. For the following reasons, the motion is granted in part and denied in part.

---

[1] Defendant Best Buy has since been voluntarily dismissed. ECF No. 46.

Page 1 – OPINION AND ORDER

## BACKGROUND

In October 2022, Plaintiff purchased a phone case from Best Buy, which subsequently "contracted with Defendant Shipt to deliver the package to Plaintiff." Am. Compl. ¶ 5. Defendant Shipt then employed Defendant Carter to deliver the phone case to Plaintiff. *Id.* ¶ 6. Defendant Shipt did not "screen [Defendant] Carter for suitability to perform the job . . . or [] perform a sufficient background check on him." *Id.*

On or about October 13, 2022, Defendant Carter drove his personal vehicle, accompanied by one or more passengers, to Plaintiff's home to deliver the package. *Id.* ¶ 7. On the way to Plaintiff's home, Defendant Carter drove up behind a truck driven by Plaintiff's daughter-in-law with Plaintiff's son—Joshua Burrell—as a passenger. *Id.* ¶ 8. Due to Defendant Carter's "aggressive[]" driving, Mr. Burrell and his wife pulled over to let Defendant Carter pass. *Id.*

Later, Mr. Burrell witnessed Defendant Carter's vehicle pull into Plaintiff's driveway. *Id.* ¶ 9. Concerned for his father's safety, Mr. Burrell followed Defendant Carter's vehicle onto Plaintiff's property, identified himself, and told Defendant Carter to stay in his vehicle. *Id.* ¶ 10. Defendant Carter's passenger then opened the driver's side door and brandished a knife. *Id.* Defendant Carter told Mr. Burrell he was at Plaintiff's home to deliver a package, and Mr. Burrell told Defendant Carter to leave the property. *Id.* ¶ 11. Defendant Carter backed out of the driveway and drove away, while Mr. Burrell went inside Plaintiff's home to warn Plaintiff about Defendant Carter. *Id.* ¶ 12.

After leaving Plaintiff's property, Defendant Carter abruptly re-entered Plaintiff's property via another driveway, and Mr. Burrell and Plaintiff went outside to investigate. *Id.* ¶ 13-14. As Mr. Burrell and Plaintiff approached Defendant Carter's vehicle, Defendant Carter opened the car door, and both Defendant Carter and a passenger brandished knives. *Id.* ¶ 14. Then, "[w]ithout closing the door and without giving any warning, [Defendant] Carter put his car

Page 2 – OPINION AND ORDER

in reverse and accelerated." *Id.* The open door of the vehicle "struck Plaintiff, knocked him into the air, and after Plaintiff landed on the ground, the open door dragged him almost 30 feet." *Id.* Defendant Carter continued to accelerate in reverse, drove through Plaintiff's wooden fence, and fled Plaintiff's property. *Id.* Plaintiff alleges that he suffered physical injuries and seeks past and future economic damages as well as noneconomic damages. *Id.* ¶ 16-17.

Plaintiff filed this lawsuit against Defendants on September 27, 2024, in Lane County Circuit Court, alleging state law claims of vicarious liability and direct negligence against Defendant Shipt. Defendant Shipt removed the case to federal court based on diversity jurisdiction on November 12, 2024. ECF No. 1. Pursuant to Rule 12(b)(6), Defendant Shipt now moves to dismiss each of Plaintiff's claims against it for failure to state a claim.

## STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers*, 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant Shipt moves to dismiss Plaintiff's claims against it. For the reasons below, Defendant Shipt's motion is granted as to the vicarious liability claims but denied as to the direct negligence claim.

### I. Vicarious Liability

Defendant Shipt moves to dismiss Plaintiff's vicarious liability claims against it, which include four claims based on intentional conduct of Defendant Carter, and one based on Defendant Carter's negligence. In Oregon, "[u]nder the doctrine of *respondeat superior*, an employer is liable for an employee's torts, including intentional torts, if the employee was acting within the scope of employment." *Fearing v. Bucher*, 328 Or. 367, 372 (1999). An employee acts within the scope of employment when the act (1) occurs "substantially within the time and space limits authorized by the employment;" (2) is "motivated, at least partially, by a purpose to serve the employer;" and (3) is the kind of act "which the employee was hired to perform." *Chesterman v. Barmon*, 305 Or. 439, 442 (1988).

Defendant Shipt argues that Plaintiff's vicarious liability claims should be dismissed because Plaintiff fails to sufficiently allege the second and third *Chesterman* requirements to plausibly show that Defendant Carter was acting within the course and scope of his employment.

A.     **Intentional Torts**

Defendant Shipt first moves to dismiss Plaintiff's claims that Defendant Shipt is vicariously liable for Defendant Carter's alleged commission of four intentional torts (Second through Fifth Claims for Relief). Oregon has adopted an alternative test for the second and third *Chesterman* requirements that applies in the context of intentional torts because "vicarious liability would be defeated in almost every instance" otherwise. *Minnis v. Or. Mut. Ins. Co.*, 334 Or. 191, 205 (2002). Under Oregon law, an employer may be vicariously liable for intentional torts performed outside an employee's scope of employment when acts within the scope of employment result in the injury to the tort victim. *Fearing*, 328 Or. at 374. Acts within the scope of employment result in an intentional tort if they are "'a necessary precursor to the' intentional tort[,] and the intentional tort is 'a direct outgrowth of'" acts within the scope of employment. *Doe v. Holy See*, 557 F.3d 1066, 1083 (9th Cir. 2009) (quoting *Fearing*, 328 Or. at 377). The employment relationship must do more than "[bring] the tortfeasor and the victim together in time and place." *Fearing*, 328 Or. at 376-77 (citing *G.L. v. Kaiser Found. Hosps., Inc.*, 306 Or. 51 (1988)). Thus, the question before the Court is whether the alleged intentional torts were direct outgrowths of acts within the scope of Defendant Carter's employment.

Defendant Shipt argues that Plaintiff was not injured during or as a result of Defendant Carter's performance of his authorized duties, but rather because of a "spontaneous physical confrontation" with Plaintiff and Plaintiff's son during which Defendant Carter was acting independently of Defendant Shipt's instruction. Def.'s Mot. 6-7. It contends that the "spur-of-the-moment assault" was only facilitated by the time and space requirements of Defendant

Page 5 – OPINION AND ORDER

Carter's employment as a delivery driver, which is insufficient to support vicarious liability. *Id.* at 8. In response, Plaintiff argues that "[t]he fact that Carter was required to make the delivery by entering Plaintiff's property in his car would make the battery (striking Plaintiff with his car while attempting delivery) 'merely the culmination of a progressive series of actions that involved [Carter's] ordinary and authorized duties.'" Pl.'s Resp. 6 (quoting *Bray v. Am. Prop. Mgmt. Corp.*, 164 Or. App. 134, 140-41 (1999)). The Court agrees with Defendant Shipt that Plaintiff fails to plausibly allege that Defendant Carter's tortious actions were the culmination of actions arising out of authorized duties.

Other than bringing Defendant Carter onto Plaintiff's property, there is no connection to be inferred between the alleged intentional torts and Defendant Carter's employment relationship with Defendant Shipt. While Plaintiff does allege that Defendant Carter arrived at the Plaintiff's property and announced that he was there to deliver a package, that allegation does nothing but state the reason for Defendant Carter's presence. None of the allegations about the conduct following Defendant Carter's arrival can be viewed as a direct outgrowth of Defendant Carter's purpose to deliver a package. Rather, Defendant Carter's purpose of delivering the package can only be viewed as bringing Defendant Carter and Plaintiff together in time and place.

Indeed, the very next alleged act following Defendant Carter's arrival was outside the scope of Defendant Carter's employment. Plaintiff alleges that Defendant Carter's passenger immediately brandished a knife when Mr. Burrell told Defendant Carter to stay in the vehicle. That act cannot plausibly be viewed as one of a "progressive series of actions" that was related to Defendant Carter's "ordinary and authorized duties." There are no allegations that Defendant Carter's passenger was assisting him with carrying out Defendant Carter's job duties, that the passenger was authorized to be there, or any other allegations that connect the passenger's acts to

Defendant Carter's duty to deliver packages on behalf of his employer. Thus, the act that precipitated the series of events culminating in Plaintiff's injury is not plausibly connected to Defendant Carter's job duties.

     Plaintiff's reliance on *Bray* is unavailing. In that case, an attendant for a parking garage had "several heated exchanges" with a tenant in the building that had been repeatedly blocking the driveway to the garage during busy times of the day. *Bray*, 164 Or. App. at 136. The attendant's employer (the defendant) told the attendant "not to permit" the tenant (the plaintiff) to park in the garage. *Id*. at 137. The defendant did not instruct the attendant to use force, but it never told him not to. *Id*. The next time the plaintiff attempted to park in the garage, the attendant told him he could not park there. *Id*. The situation escalated into a "skirmish" that resulted in the attendant stabbing the plaintiff. *Id*. The Oregon Court of Appeals held that the defendant-employer could be vicariously liable for the intentional torts committed by its attendant-employee. *Id*. at 140. Specifically, the Court held that "reasonable jurors could find that the stabbing was the product of the escalating antagonism between [the attendant-employee and the plaintiff] centering on [the plaintiff's] obstruction of access to the parking garage and use of that garage." *Id*.

     The facts here are distinguishable from those in *Bray*. First, the stabbing in *Bray* had followed repeated confrontations between the plaintiff and the attendant relating to the attendant's job duties. That job-related history led directly to the altercation that culminated in the stabbing. Moreover, the employment duty of that attendant created by his employer's explicit instruction "not to permit" the plaintiff to park in the garage was necessarily one of a confrontational nature. While the attendant was not authorized to use force, the escalation of the confrontation could reasonably be viewed as a direct outgrowth of the purpose to prevent the

Page 7 – OPINION AND ORDER

plaintiff's parking in the garage as instructed. Here, by contrast, there is no plausible connection between a purpose to deliver a package for Defendant Shipt, and the series of events that culminated in Defendant Carter's alleged tortious acts. Plaintiff and Defendant Carter had no prior history related to Plaintiff's job duties, and the duty itself had no confrontational component, as it did in *Bray*.

Because Plaintiff has failed to allege that Defendant Carter's intentional torts were a direct outgrowth of acts within the scope of his employment with Defendant Shipt, Plaintiff has failed to plead Defendant Shipt's vicarious liability. Defendant Shipt's Motion to Dismiss Plaintiff's First through Fifth Claims for Relief is granted.[2]

### B. Negligence

Defendant Shipt also moves to dismiss Plaintiff's claim that it is vicariously liable for Defendant Carter's negligence (First Claim for Relief). Plaintiff alleges that Defendant Carter was negligent in: "(a) Operating a vehicle at an unsafe speed for the conditions then existing; (b) Failing to keep a proper lookout; (c) Failing to exercise due care; (d) Failing to keep proper control of his vehicle; (e) Failing to brake in a proper and timely manner; (f) Failing to swerve to avoid hitting Plaintiff; and (g) Allowing his vehicle to collide with Plaintiff while Plaintiff was in plain view." Am. Compl. ¶ 19.

Plaintiff fails to state a vicarious liability claim for negligence because the facts underlying the specifications of negligence are pled as intentional conduct throughout the complaint, and rely on the same facts and conduct as his intentional tort claims. Under Oregon law, a plaintiff cannot plead clearly intentional conduct as a negligence claim. *See Kasnick v. Cooke*, 116 Or. App. 580, 583 (1992) (holding that a "plaintiff may not allege facts that

---

[2] Plaintiff may seek leave to amend to reassert a vicarious liability claim against Defendant Shipt if discovery reveals additional facts that could plausibly support such a claim.

necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence"). Since Plaintiff pled the same factual allegations about Defendant Carter's conduct for both his battery and negligence vicarious liability claims, and since that conduct cannot plausibly be construed as anything other than intentional, Plaintiff's allegations are insufficient to state a claim of vicarious liability for negligence and Plaintiff's First Claim for Relief is dismissed. Although Defendant Carter did not move to dismiss this claim in his own right, it suffers from the same deficiency and the Court therefore dismisses it *sua sponte* for the same reason.

The Court cannot say, however, that the deficiency in Plaintiff's vicarious liability for negligence claim against Defendant Shipt, and his negligence claim against Defendant Carter, could not be cured by amendment. Although Defendant Carter's intentional conduct cannot form the basis for such a claim, Plaintiff may be able to amend his Complaint to allege separate negligent conduct on the part of Defendant Carter. *See, e.g.*, Castillo v. Bush, No. 6:22-CV-00684-MK, 2024 WL 3825206, at *13 (D. Or. Aug. 15, 2024) (explaining in the context of a 42 U.S.C. § 1983 claim that a negligence claim can coexist with a claim based on intentional conduct when the negligence claim is based on different—although related—conduct). Plaintiff is therefore granted leave to amend this claim within 30 days of entry of this Opinion and Order.

## II.     Direct Negligence

Defendant Shipt also moves to dismiss Plaintiff's direct negligence claim against it (Seventh Claim for Relief). Those specifications of negligence include (1) "hiring Carter to deliver the package without adequate screening"; (2) "providing insufficient training to Carter as a driver"; (3) "failing to create and/or enforce reasonable company policies"; (4) "failing to adequately supervise Carter in his role as a driver"; and (5) "entrusting delivery of its package to an unreliable shipper." Am. Compl. ¶ 35.

To adequately plead negligence under Oregon law, a plaintiff must allege the following elements:

> (1) [T]hat defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Son v. Ashland Cmty. Healthcare Servs.*, 239 Or. App. 495, 506 (2010). Defendant Shipt argues Plaintiff's direct negligence claim should be dismissed because Plaintiff fails to provide sufficient factual allegations to support the foreseeability and causation elements. For the following reasons, the Court finds that Plaintiff has sufficiently alleged Defendant Shipt's negligence.

### A.    Foreseeability

Foreseeability "is a prediction of the risk that an act or omission will result in a particular kind of harm—it turns on 'what prospectively might happen.'" *Towe v. Sacagawea, Inc.*, 357 Or. 74, 87 (2015). "The actual sequence of events causing an injury does not have to be predictable in order for the injury to be foreseeable. The injury need only fall into the *general category of risk* reasonably to be anticipated." *Lamorie v. Warner Pac. Coll.*, 119 Or. App. 309, 312 (1993) (citation omitted). The question of foreseeability is "clearly an empirical question" for a factfinder to determine except in extreme cases where a court determines that no reasonable factfinder could find the risk foreseeable. *Donaca v. Curry Cnty.*, 303 Or. 30, 38 (1987).

Defendant Shipt argues that Plaintiff must plead factual allegations about Defendant Carter's particular unlawful propensities to adequately allege foreseeability under theories of negligent hiring, training, and supervision. *Id.* at 7-8. Defendant Shipt argues that because Plaintiff failed to allege specific facts about Defendant Carter (for example, a criminal history or

prior on-the-job misconduct) that would have made Defendant Carter's conduct foreseeable, Plaintiff's negligence claim must fail. In so arguing, Defendant Shipt cites various cases that—for the most part—either analyze foreseeability at the summary judgment stage or apply Oregon fact pleading standards. Defendant Shipt's reliance on this largely inapposite caselaw is unpersuasive. The Court does not read any of Defendant's cited cases as establishing a requirement that, at the pleading stage in federal court, a plaintiff must allege specific facts about an employee's history of violence or otherwise.

Here, Plaintiff pleads various specific ways Defendant Shipt was allegedly negligent, including failing to screen Defendant Carter "for suitability to perform the job for which he was hired, or to perform a sufficient background check on him," failing to train him "in avoiding road rage accidents," failing to create and enforce various specific policies related to the conduct at issue, and failing to supervise him to ensure he was not "carrying unauthorized passengers with him in his car." Am. Compl. ¶¶ 6, 35. Given Defendant Carter's job duties—which included delivering packages to the public in an unmarked vehicle—these allegations give rise to an inference of a foreseeable risk of harm that might be caused by an individual hired, trained, and supervised in the manner alleged. Accordingly, the Court finds that Plaintiff's allegations are sufficient at the pleading stage to plausibly state a claim and put Defendant Shipt on notice of the factual basis for that claim.

### B.    Causation

Defendant Shipt also argues that Plaintiff fails to allege that its alleged negligence was a cause-in-fact of Plaintiff's harm. To establish causation, a plaintiff must plead that "a particular act or omission in fact resulted in the particular harm that a plaintiff suffered" and requires a plaintiff to plead "an actual causal link between the defendant's conduct and the plaintiff's harm." *Towe*, 357 Or. at 87.

Page 11 – OPINION AND ORDER

Defendant Shipt's argument on this point simply mirrors its foreseeability argument: it contends that without an allegation of what it would have discovered if it had screened Defendant Carter or how different policies or training would have prevented the harm, Plaintiff's allegations are insufficient to establish causation. This argument is no more compelling here than it was with respect to foreseeability. The Court can reasonably infer that, if Defendant Shipt had screened, hired, trained, and supervised Defendant Carter in a manner other than that alleged, Plaintiff's injuries could have been avoided. For example, if Plaintiff had been trained to avoid road rage, or had not had an unauthorized passenger or passengers in the car, it is reasonable to infer that the incident would not have taken place. Thus, Plaintiff's allegations are sufficient to establish causation at the pleading stage. Accordingly, Defendant Shipt's motion to dismiss Plaintiff's Seventh Claim for Relief is denied.

## CONCLUSION

Defendant Shipt's Motions to Dismiss First Amended Complaint (ECF No. 29) is GRANTED in part and DENIED in part, as follows: Defendant Shipt's motion to dismiss Plaintiff's First through Fifth Claims for Relief is granted, and those claims are DISMISSED. In addition, the Court *sua sponte* DISMISSES Plaintiff's First Claim for Relief against Defendant Carter. Plaintiff is granted leave to amend his First Claim for Relief against Defendants within 30 days of the date of this order. Defendant Shipt's motion to dismiss Plaintiff's Seventh Claim for Relief is DENIED.

DATED this 15th day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge